**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

OCT 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK POTTER, | No.     21-35259 |
| Plaintiff-Appellant, | D.C. No. 3:20-cv-05925-RJB |
| v. | |
| CITY OF LACEY, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| KEN SEMKO, | |
| Defendant. | |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Argued and Submitted May 17, 2022
Submission Withdrawn August 18, 2022
Resubmitted October 15, 2024
Seattle, Washington

Before:  WARDLAW, GOULD, and BENNETT, Circuit Judges.

Jack Potter ("Potter"), a vehicle-sheltered person, appeals the grant of

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

summary judgment in favor of the City of Lacey ("the City") in his action challenging the constitutionality of the City's RV Parking[1] and Permitting[2] Ordinances as applied to the parking of his unmotorized 23-foot travel trailer in the City Hall parking lot. We have jurisdiction under 28 U.S.C. § 1291, and on de novo review, we affirm.

1.     The district court did not err in concluding that Potter has standing to challenge the RV Parking Ordinance but lacks standing to challenge the Permitting Ordinance. Potter was cited and threatened with vehicle impoundment under the RV Parking Ordinance, which constituted both actual and imminent injuries. *See Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 797 (9th Cir. 2001) (holding that an injury was "sufficiently imminent because the City . . . notified [the plaintiffs]" of its intent to enforce an ordinance against them). Potter neither applied for nor intends to apply for a permit under the Permitting

---

[1]     Lacey Municipal Code ("LMC") § 10.14.020 ("RV Parking Ordinance") amended Lacey's parking laws to restrict the parking of a recreational vehicle ("RV") "upon the improved or unimproved portion of any street, alley, public right-of-way, or publicly owned parking lot for more than four hours," and on any other public land in Lacey for 24 hours after the expiration of the initial four-hour period. Violators can be fined $35 and have their vehicle impounded. LMC § 10.14.040.

[2]     LMC §10.14.045 ("Permitting Ordinance") authorizes the city manager's policies allowing Lacey homeowners or renters to apply for a 48-hour parking permit for RVs and allowing those termed "non-residents"—including unhoused Lacey residents—to apply for a 12-hour parking permit for RVs valid only in designated areas of the City.

Ordinance, and he accordingly lacks standing to challenge it. *See Get Outdoors II, LLC v. City of San Diego*, 506 F.3d 886, 892 (9th Cir. 2007) (holding that plaintiffs have "standing to challenge only those provisions that appl[y]" to them).

2. The district court correctly held that the RV Parking Ordinance did not violate Potter's asserted intrastate travel right under the Fourteenth Amendment. Neither the Supreme Court nor the Ninth Circuit has yet decided whether the Constitution protects such a right.[3] *See Mem'l Hosp. v. Maricopa Cnty.*, 415 U.S. 250, 255–56 (1974) (declining to address the question); *Nunez v. San Diego*, 114 F.3d 935, 944 n.7 (9th Cir. 1997) (same). Assuming without deciding that Potter has a right to intrastate travel under the Fourteenth Amendment, we conclude that the RV Parking Ordinance does not violate his purported right to travel.[4] Potter claims an expansive right to reside indefinitely in

---

[3] Three of our sister circuits have clearly recognized a constitutional right to intrastate travel. *King v. New Rochelle Mun. Hous. Auth.*, 442 F.2d 646, 648 (2d Cir. 1971); *Lutz v. City of York*, 899 F.2d 255, 268 (3d Cir. 1990); *Johnson v. City of Cincinnati*, 310 F.3d 484, 498 (6th Cir. 2002). Although declining to address directly the existence of a right to intrastate travel, our court has recognized a "fundamental right of free movement" under the Fourteenth Amendment. *Nunez v. San Diego*, 114 F.3d 935, 944 (9th Cir. 1997). However, that right was not raised or argued by the parties in this case, and we do not address it here.

[4] Although we do not decide whether the Fourteenth Amendment encompasses an intrastate travel right, we note some support for such a right in Supreme Court precedent. *See Williams v. Fears*, 179 U.S. 270, 274 (1900) ("[T]he right to remove from one place to another according to inclination [] is an attribute of personal liberty, and the right, ordinarily, of free transit from or

3

a public parking lot in his 23-foot unmotorized trailer. Even if the City's RV Parking Ordinance would burden Potter's putative intrastate travel right, the prohibition on his living in his 23-foot unmotorized trailer in public city lots indefinitely is a valid restriction of that right and falls well within the City's police power. *See Conner v. City of Santa Ana*, 897 F.2d 1487, 1493 (9th Cir. 1990) (holding that an ordinance authorizing automobile seizure is a constitutional exercise of a city's police power).

3.     The district court correctly held that the RV Parking Ordinance did not violate Potter's asserted intrastate travel right under the Washington State Constitution. Upon certification of this question to the Washington Supreme Court, that court concluded that the RV Parking Ordinance did not violate Potter's

---

through the territory of any state is a right secured by the 14th Amendment."); *United States v. Wheeler*, 254 U.S. 281, 293 (1920) ("In all the states . . . the citizens thereof possessed the fundamental right . . . peacefully to dwell within the limits of their respective states, to move at will from place to place therein."); *Kent v. Dulles*, 357 U.S. 116, 126 (1958) ("Freedom of movement across frontiers . . . and inside frontiers as well, [is] a part of our heritage."); *Kolender v. Lawson*, 461 U.S. 352, 358 (1983) (noting that a law "implicates consideration of the constitutional right to freedom of movement"); *see also Smith v. Turner*, 48 U.S. (7 How.) 283, 492 (1849) (Taney, C.J., dissenting) ("[Citizens] have the right to pass and repass through every part of [the United States] without interruption, as freely as in our own States."); *Crandall v. Nevada*, 73 U.S. 35, 49 (1867) (stating that Judge Taney's remarks in dissent in *Smith* "accord with the inferences which we have already drawn from the Constitution itself"); *City of Chicago v. Morales*, 527 U.S. 41, 54 (1999) (plurality opinion) ("[I]t is apparent that an individual's decision to remain in a public place of his choice is as much a part of his liberty as the freedom of movement inside frontiers.").

4

claimed Washington State constitutional right to intrastate travel. *Potter v. City of Lacey*, 550 P.3d 1037, 1038–39 (Wash. 2024) (en banc). We are bound by a state supreme court's interpretation of its own state's laws. *See Norcia v. Samsung Telecomms. Am., LLC*, 845 F.3d 1279, 1284 (9th Cir. 2017).

4.     We affirm on alternative grounds[5] the district court's grant of summary judgment to the City on Potter's claim that the threatened impoundment of his RV was not justified under the community caretaking exception to the Fourth Amendment's warrant requirement. We have upheld impoundment of a vehicle under the community caretaking doctrine "to promote other vehicles' convenient ingress and egress to [a] parking area." *United States v. Torres*, 828 F.3d 1113, 1118 (9th Cir. 2016). Here, the Lacey City Council enacted the RV Parking Ordinance to serve a similarly valid community caretaking function, stating that long-term RV parking "disrupts business and interferes with the ability of customers and employees to find appropriate parking." The threatened impoundment of Potter's vehicle was therefore reasonable under the Fourth Amendment.

5.     The district court correctly held that the RV Parking Ordinance does not violate Potter's Eighth Amendment rights. The $35 fine that can be imposed

---

[5]     We may affirm the district court's decision granting summary judgment on any grounds supported by the record. *Arcona, Inc. v. Farmacy Beauty, LLC*, 976 F.3d 1074, 1077 (9th Cir. 2020).

under this ordinance is not "grossly disproportionate to the offense" and therefore does not violate the Eighth Amendment's Excessive Fines Clause. *See Pimentel v. City of Los Angeles*, 974 F.3d 917, 922 (9th Cir. 2020) (upholding a $63 parking fine). Potter's argument that the RV Parking Ordinance violates the Cruel and Unusual Punishment Clause of the Eighth Amendment is foreclosed by the Supreme Court's decision in *City of Grants Pass v. Johnson*, 144 S. Ct. 2202 (2024).

**AFFIRMED.**